```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Ashley Smith,                         :

      Plaintiff,                   :

  v.                                  :         Case No. 2:10-cv-701

                                        :         JUDGE EDMUND A. SARGUS, JR.
Commissioner of Social Security,      Magistrate Judge Kemp

      Defendant.                   :

<u>REPORT AND RECOMMENDATION</u>

    On March 28, 2011, the Court entered judgment remanding this case to the Commissioner for further proceedings pursuant to 42 U.S.C. §405(g), sentence four.  The Court subsequently awarded plaintiff the sum of $3,367.00 as attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. §2412.  Plaintiff's counsel then moved for an award of fees in the amount of $16,105.00 under 42 U.S.C. §406(b).  The Commissioner opposed that motion.  In an order filed on July 25, 2013, the Court identified some evidentiary deficiencies in the motion, and also some legal issues.  Each party was granted the opportunity to address those issues in a further filing.  Both of those were made, and Plaintiff also recently submitted supplemental authority.  For the following reasons, it will be recommended that the motion be granted in substantial part.

                                                I.

    The record now supports the following facts.  The Social Security Administration withheld $18,105.00 from the award of benefits.  Counsel has requested only $16,105.00.  His customary hourly rate for social security work is $350.00.  The 20 hours spent on this case is about half of the average amount of time (37.3 hours) spent by claimants' attorneys on such cases.  For 20

hours of work, if counsel were to receive the entire fee, the effective hourly rate would be slightly over $800.00 per hour, or $100.00 more than double his normal hourly rate.  Also, there is no evidence before the Court that counsel did anything to delay the eventual award of benefits in this case.  Six years did elapse, however, between Plaintiff's initial application and the award of benefits, including more that two years following the Court-ordered remand, which occurred on March 28, 2011.  Counsel was previously awarded $3,000.00 in fees under the EAJA.

II.

The evidentiary issues identified in the Court's earlier order, relating to the actual amount of past due benefits awarded, the existence of a contingent fee contract, and verification of the number of hours spent on the case, have all been rectified.  There remains a question about the reasonableness of the requested fee award, and, in particular, whether counsel should be rewarded for the administrative delays which occurred in this case. See generally Thatch v. Commissioner of Social Sec., 2012 WL 2885432 (N.D. Ohio July 13, 2012).  Counsel argues that this would not be appropriate and that in light of other relevant factors, including the notion that an award of twice the normal hourly rate is a "floor, not a ceiling" for this type of fee award, the Court should grant him the entire amount he is requesting.  The Commissioner continues to urge the Court to reduce the fee to $7,200.

The supplemental authority supplied by counsel is Judge Weber's decision in Beck v. Commissioner of Social Security, Case No. 1:10-cv-398 (Jan. 24, 2014).  In Beck, Judge Weber adopted a Report and Recommendation of the Magistrate Judge which dealt with a request for a $30,000.00 award.  After citing to the relevant case law, including Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) (en banc), and Hayes v. Secretary of HHS, 923

F.2d 418 (6th Cir. 1991), Magistrate Judge Litkovitz, in her Report and Recommendation, held that under Rodriquez, the requested fee, being less than 25% of the past due benefits, was presumptively reasonable - especially because counsel was asking only for 12.75% of those benefits - and also noted that the case was an extraordinarily difficult one especially given that counsel's representation of the claimant did not begin until two years after her last insured date. Judge Litkovitz also identified a number of other decisions in this District awarding similar sums under §406(b). Based on that analysis, and without making any deduction for administrative delays, counsel was granted the full award he asked for.

    This case is somewhat different in that the issues which led to the sentence four remand were not difficult or novel; they involved garden-variety claims about the sufficiency of the ALJ's rationale for rejecting a treating source's opinions and for deciding that the Plaintiff was not fully credible. The ALJ's decision was fatally flawed in these respects, and the Commissioner appears to have recognized the weakness of his litigating position by agreeing to an award of fees under the EAJA. Thus, this factor does not weigh in favor of an unusually large fee. Further, the Court still believes that the total amount of administrative delay is a factor entitled to some weight, although the Court does not give it significant weight here.

    Given all of the evidence before the Court, there is little reason to go beyond an award which compensates counsel at twice his usual hourly rate. The Court is prepared to recognize that rate as $350.00 per hour, and will make a slight upward adjustment ($25.00 per hour) for the delay in awarding fees. If the 20 hours of work done in this case is paid for at the rate of $750.00 per hour, that translates to an award of $15,000.00, and

that is what the Court recommends.

### III.

For the reasons set forth above, it is recommended that the motion for fees (Doc. 25) be granted to the extent that counsel be awarded the sum of $15,000.00 as fees under 42 U.S.C. §406(b). The prior award of fees under the EAJA shall be refunded to the Plaintiff.

### IV.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge